Argued June 6, affirmed June 22, 1966

## STATE OF OREGON v. ROBERT LEE VIGIL

416 P. 2d 2

*Howard R. Lonergan,* Portland, argued the cause for appellant. With him on the brief was Ronald A. Watson, Portland.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and HAMMOND, Justices.

PER CURIAM.

Defendant appealed from a conviction of assault and robbery being armed with a dangerous weapon. His only contention of error is that he was deprived of a necessary witness for his defense solely because of his poverty. The witness resided in South Carolina. He argues that out-of-state process for necessary witnesses[1] would have been available to one able to tender the costs, and therefore the state violated the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution by failing to make his witness available to him.

Prior to trial, counsel for defendant discussed the lack of funds for this purpose with the presiding judge who informed counsel that if application for funds were made to permit the witness to be present he would consider the application. No such application was made. Defendant contends that the filing of an application would have been useless because this court has previously, in *State v. Blount,* 200 Or 35, 264 P2d 419 (1953), held that such an application can not be granted.

The fallacy in defendant's position is that he contends a decision of the United States Supreme Court,[2] decided since *Blount,* indicates that *Blount* is no longer the law, but he failed to give the trial court an opportunity to so determine. He presumes the trial court would follow *Blount* while at the same time contending the decision is no longer the law. Such a presumption is not justified. There is no merit in defendant's contention.

The judgment of the trial court is affirmed.

[1] ORS 139.230 and § 26-304 Code of Laws of South Carolina 1962.

[2] Griffin v. Illinois, 351 US 12, 17, 76 S Ct 585, 100 L Ed 891 (1956).